Battle, J.
 

 It is not distinctly stated in the bill of exceptions, that the defendant was the mortgagor, and from th-e •manner in which the case was submitted to the jury, we infer ■that he was not. Taking him then to be a stranger, we do not perceive any reason why the plaintiff’s lessor, who was a mortgagee, should not recover by virtue of a seven years’possession, whether the mortgage debts were, or were not, satisfied. If they were not satisfied, then 1ns recovery would be for his own benefit; but if they were satisfied, then he would recover the legal title ; holding it, however, as trustee for the mortgagor. There is no intimation, in the case, of a recon-veyance of the legal title from the mortgagee to the mortgagor, and in a suit by the former, against a third person, to recover the possession of the mortgaged premises, we are not aware of any principle upon which such conveyance would be presumed.
 

 It is well known that in the action of ejectment, the lessor ■of the plaintiff must recover upon the strength of his legal ‘■title, without respect to any equitable interest which may be in another. In the present case, there being no actual, or presumed, reconveyance of the legal title from the mortgagee
 
 *309
 
 to the mortgagor, lie had a right to recover if he had had seven years’ adverse possession of the land before the entry of the defendant. The question, whether the mortgage debt had been satisfied or not, will arise between him and his mortgagor in case of his recovery.
 

 Pee GueiaM, The judgment must be reversed, and a new trial granted.